United States District Court

For the Northern District of California

1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6

7  JAMES FLEETWOOD HUMDY, JR.,

8            Plaintiff,                    No. C 08-2194 PJH (PR)

9      v.                                  **ORDER DISMISSING
                                           COMPLAINT WITH LEAVE
10  PELICAN BAY STATE PRISON;              TO AMEND**
    DIRECTOR OF CORRECTIONS; and
11  Warden HOREL,

12            Defendants.
    _____/
13

14        Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights

15  complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma

16  pauperis.

17                              **DISCUSSION**

18  **A.    Standard of Review**

19        Federal courts must engage in a preliminary screening of cases in which prisoners

20  seek redress from a governmental entity or officer or employee of a governmental entity.

21  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

22  dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

23  be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at

24  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

25  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

27  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

28  the statement need only '"give the defendant fair notice of what the . . . . claim is and the

1   grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations

2   omitted).  Although in order to state a claim a complaint "does not need detailed factual

3   allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'

4   requires more than labels and conclusions, and a formulaic recitation of the elements of a

5   cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

6   above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

7   (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief

8   that is plausible on its face."  *Id.* at 1986-87.

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

10  elements:  (1) that a right secured by the Constitution or laws of the United States was

11  violated, and (2) that the alleged deprivation was committed by a person acting under the

12  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

13  **B.    Claims and Defendants**

14       In the caption plaintiff has named "Pelican Bay State Prison" as a defendant.  The

15  prison is an agency of the state and thus cannot be sued in federal court.  *See Allison v.*

16  *California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and

17  San Quentin Prison not persons within meaning of Civil Rights Act).  Because no

18  amendment could render the prison as an entity subject to suit in federal court, the claims

19  against the prison will be dismissed without leave to amend.

20       The other two defendants are the director of corrections and Robert Horel, warden at

21  the prison.  Plaintiff contends that he is a convert to Judaism and that prison authorities will

22  not provide him with kosher foods for Jewish holidays.  He says that he was offered the

23  options of requesting transfer to a prison where kosher food is available or of waiting until

24  the prison hires a rabbi to "bless the kosher foods," but neither defendant has

25  "accommodated me those options."

26       Plaintiff has failed to allege any specific facts regarding the director of corrections'

27  involvement in the denial of kosher foods.  He thus has failed to state a claim for relief

28  against the director that is plausible on its face.  The claims against the director will be

1  dismissed with leave to amend.

2      Plaintiff alleges that warden Horel offered him the options of asking for a transfer or

3  waiting for the prison to hire a rabbi.  His contention that the options have not been

4  "accommodated" or "delivered" is insufficient to state a claim against Horel, however,

5  because he has not alleged that he requested a transfer; because the second option,

6  waiting, by its nature is open-ended; and because he has not made any factual allegations

7  regarding Horel's personal involvement in the purported nondelivery of the options.  The

8  claim against Horel will be dismissed with leave to amend to provide facts regarding

9  plaintiff's attempts to exercise the options offered him and Horel's involvement, if any, in

10 that process.

11                                   **CONCLUSION**

12     1.  The claim against Pelican Bay State Prison is **DISMISSED** with prejudice.

13     2.  For the foregoing reasons, the case is **DISMISSED** with leave to amend, as

14 indicated above, within thirty days from the date of this order.  The amended complaint

15 must include the caption and civil case number used in this order and the words

16 AMENDED COMPLAINT on the first page.  Because an amended complaint completely

17 replaces the original complaint, plaintiff must include in it all the claims he wishes to

18 present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

19 incorporate material from the original complaint by reference.  Failure to amend within the

20 designated time will result in the dismissal of these claims.

21     3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

22 court informed of any change of address by filing a separate paper with the clerk headed

23 "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

24 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

25 Federal Rule of Civil Procedure 41(b).

26     **IT IS SO ORDERED.**

27 Dated:  May 14, 2008.                        _____

28                                             PHYLLIS J. HAMILTON
                                             United States District Judge

G:\PRO-SE\PJH\CR.08\HUMDY2194.DWL.wpd

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JAMES F HUMDY JR,

              Plaintiff,

   v.

PELICAN BAY STATE PRISON et al,

              Defendant.

_____/

Case Number: CV08-02194 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Fleetwood Humdy J-74235
Pelican Bay State Prison
C5-106
P.O. Box 7500
Crescent City, CA 95532

Dated: May 14, 2008

                      Richard W. Wieking, Clerk
                      By: Nichole Heuerman, Deputy Clerk