May 21, 2008

United States District Court.
Northern District of California

James Fleetwood Hundy, JR.
  Plaintiff,

v.

Pelican Bay State Prison;
Director of Corrections; and
Warden Horel, Defendants.

E-filing

FILED
08 MAY 27 PM 1:57
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MOTION for APPOINTMENT of COUNSEL

Civil Action No. C08-2194 PJH (PR)

Pursuant to 28 U.S.C. §1915(e)(1) Plaintiff moves for an order appointed counsel to represent me in this case. In support of this motion, plaintiff states:

1. Plaintiff is unable to afford counsel. I have requested leave in forma pauperis.

2. Plaintiff's imprisonment and administrative holding will greatly limit my ability to litigate. The issues involved in this case are complex, and will require significant research and investigation. Plaintiff has limited access to the law library and limited knowledge of the law (A)

3. A trail in this case could very likely involve conflicting testimony, and counsel would better enable plaintiff to present evidence and cross examine witnesses.

4. Plaintiff is now making a plead to the court to obtain a lawyer. Attached to this motion are five page(s) from the Defendants, on order of dismissel — also court should (B) know I'm in administrative holding and it takes time to get legal status, and once your they're: no help is given.

(1)

wherefore, plaintiff request That The court appoint a lawyer, a member of The bar, as counsel in This case,

5-21-08

*James Humdy Jr.*
James Humdy Jr

Pelican Bay State Prison (SHU)
C5-106 P.O. Box 7500
Cresent City CA, 95532

Case 3:08-cv-02194-PJH    Document 5    Filed 05/27/2008    Page 3 of 9



FILED

MAY 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JAMES FLEETWOOD HUMDY, JR., | |
|---|---|
| Plaintiff, | No. C 08-2194 PJH (PR) |
| v. | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| PELICAN BAY STATE PRISON; DIRECTOR OF CORRECTIONS; and Warden HOREL, | |
| Defendants. | |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

FILED

MAY 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES FLEETWOOD HUMDY, JR.,

    Plaintiff,

v.

PELICAN BAY STATE PRISON; DIRECTOR OF CORRECTIONS; and Warden HOREL,

    Defendants.

No. C 08-2194 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff's application for permission to proceed in forma pauperis (document number on the docket) is **GRANTED**. The total filing fee that ultimately will be due is $350.00. In view of plaintiff's income and account balance, he shall pay a partial initial filing fee of $5.45 within thirty days of the date this order is entered. If he does not pay either the partial initial filing fee or the full fee within the time allowed, the case will be dismissed without prejudice. Funds for the remainder of the filing fee will be taken from income to plaintiff's account in accordance with 28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions will be sent to the plaintiff, the prison trust account office, and the court's financial office.

**IT IS SO ORDERED.**

Dated: May 14, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\HUMDY2194.IFP.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JAMES F HUMDY JR,

    Plaintiff,

v.

PELICAN BAY STATE PRISON et al,

    Defendant.
_____/

Case Number: CV08-02194 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Fleetwood Humdy J-74235
Pelican Bay State Prison
C5-106
P.O. Box 7500
Crescent City, CA 95532

Prison Trust Account Office
Pelican Bay State Prison
C5-106
P.O. Box 7500
Crescent City, CA 95532

Finance

Dated: May 14, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Claims and Defendants**

In the caption plaintiff has named "Pelican Bay State Prison" as a defendant. The prison is an agency of the state and thus cannot be sued in federal court. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not persons within meaning of Civil Rights Act). Because no amendment could render the prison as an entity subject to suit in federal court, the claims against the prison will be dismissed without leave to amend.

The other two defendants are the director of corrections and Robert Horel, warden at the prison. Plaintiff contends that he is a convert to Judaism and that prison authorities will not provide him with kosher foods for Jewish holidays. He says that he was offered the options of requesting transfer to a prison where kosher food is available or of waiting until the prison hires a rabbi to "bless the kosher foods," but neither defendant has "accommodated me those options."

Plaintiff has failed to allege any specific facts regarding the director of corrections' involvement in the denial of kosher foods. He thus has failed to state a claim for relief against the director that is plausible on its face. The claims against the director will be

2

dismissed with leave to amend.

Plaintiff alleges that warden Horel offered him the options of asking for a transfer or waiting for the prison to hire a rabbi. His contention that the options have not been "accommodated" or "delivered" is insufficient to state a claim against Horel, however, because he has not alleged that he requested a transfer; because the second option, waiting, by its nature is open-ended; and because he has not made any factual allegations regarding Horel's personal involvement in the purported nondelivery of the options. The claim against Horel will be dismissed with leave to amend to provide facts regarding plaintiff's attempts to exercise the options offered him and Horel's involvement, if any, in that process.

## CONCLUSION

1. The claim against Pelican Bay State Prison is **DISMISSED** with prejudice.

2. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 14, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\HUMDY2194.DWL.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES F HUMDY JR, | Case Number: CV08-02194 PJH |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PELICAN BAY STATE PRISON et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Fleetwood Humdy J-74235
Pelican Bay State Prison
C5-106
P.O. Box 7500
Crescent City, CA 95532

Dated: May 14, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk



James Hundy J74235
Pelican Bay State Prison
C5-106 P.O. Box 7500
Crescent City CA 95532

legal mail

PELICAN BAY STATE PRISON
5005 Lake Earl Dr
Crescent City CA 95532

Richard W. Wieking
Clerk, U.S District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

02 1M
0004217666
MAILED FROM ZIP CODE 95531
UNITED STATES POSTAGE
PITNEY BOWES
$ 00.590
MAY 22 2008